**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| SHEETMETAL WORKERS LOCAL UNION NO. 22, et al., | : | Hon. Joseph H. Rodriguez |
| | : | |
| | : | Civil Action No. 09-331 |
| Plaintiffs, | : | |
| | : | MEMORANDUM ORDER |
| v. | : | |
| | : | |
| SAVVY SHEET METAL, | : | |
| | : | |
| Defendant. | : | |

This matter comes before the Court on an unopposed motion of Plaintiffs Sheet

Metal Workers Local Union No. 22, Sheet Metal Workers Local 22 Welfare, Pension,

Annuity, Education, Vacation and Unemployment Funds and the Boards of Trustees

thereof and the Sheet Metal Workers Local Union No. 22 PAC Fund against Defendant

Savvy Sheet Metal (collectively, "Plaintiffs") seeking entry of default judgment against

Defendant Savvy Sheet Metal [Dkt. Entry No. 19].  The Court has considered the

submissions of the Plaintiffs and notes that Defendant has not responded to the motion.

For the reasons expressed below, Plaintiffs' motion will be granted.

**I.  BACKGROUND**

Because the Defendant has not responded in any way, all facts are taken from the

Plaintiffs' Amended Complaint [Dkt. Entry No. 6] and the certification and affidavit

accompanying the Motion for Default Judgment [Dkt. Entry No. 19].  Plaintiff Sheet

Metal Workers Local Union No. 22 ("Union") is an unincorporated labor organization

that represents employees of employers who are parties to a collective bargaining

agreement ("CBA") with the Sheet Metal Contractors' Association of Union, Somerset,

and Sussex Counties, New Jersey Chapter, Inc. ("Association").  (Am. Comp. ¶ 2.)  The

Association represents employers of persons who are represented by the Union in the collective bargaining agreement.  (Id.)  Defendant Savvy Sheet Metal ("Defendant") is an employer whose employees are represented by the Union and is bound by the CBA.  (Id. at ¶ 3.)

Sheet Metal Workers Local 22 Welfare, Pension, Annuity Education, Vacation and Unemployment Funds and the Boards of Trustees thereof and the Sheet Metal Workers Local Union No. 22 PAC Funds ("Plaintiff Trusts") are trusts or parts of trusts established pursuant to Section 302(c)(5) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 186(c)(5) and the Employee Retirement Income Security Act of 1974 ("ERISA") , 29 U.S.C. § 1001, et seq.  (Id. at ¶ 1.)  The Plaintiff Trusts provide for pension, welfare and annuity, and other benefits for employees of employers that are parties to the CBA.  (Id.)

The CBA requires Defendant to make payments to the Plaintiff Trusts in certain specified amounts, in accordance with the trust agreements and the procedures specified by the trustees, by the twentieth day of each month for the amounts owed in the previous month.  (Id. at ¶¶ 6-8.)  Plaintiffs allege that Defendant failed to remit payments to the Plaintiff Trusts from May 1, 2008 to June 30, 2008 in the amount of $6,576.64.  (Id. at ¶ 9.)  Plaintiffs seek damages in the amount of the principle sum due, interest, liquidated damages, reasonable attorney's fees, and costs of suit pursuant to 29 U.S.C. § 1132(g).  (Id. at ¶ 11.)

## II.  JURISDICTION

Before entering default judgment against a party that has not filed a responsive pleading, "the district court has an affirmative duty to look into its jurisdiction both over

the subject matter and the parties." Williams v. Life Sav. & Loan, 802 F.2d 1200, 1203 (10th Cir. 1986); Ayers v. Jacobs & Crumplar, P.A., 99 F.3d 565, 569 (3d Cir. 1996) ("In order to impose personal liability upon a defendant or obligate him or her in favor of a plaintiff, a court must be vested with jurisdiction over the parties as well as subject matter jurisdiction.").

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. This action involves a federal question because the dispute arises under the LMRA and ERISA. Section 301(a) of the LMRA provides that contractual disputes "between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a). Because this action involves Defendant's alleged violation of the parties' collective bargaining agreement, 29 U.S.C. § 185(a) is applicable. Further, section 515 of ERISA states that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. Because the Complaint alleges Defendant is an employer that is obligated to make contributions in accordance with the agreement, 29 U.S.C. § 1145 is also applicable.[1]

The Court has personal jurisdiction over Defendant because its principal offices

---

[1]Additionally, a federal question is raised pertaining to the enforcement of Plaintiffs' rights regarding procedures for collecting potential damages under 29 U.S.C. § 1132(a)(3) and 1132(g)(2).

are located in Moorestown, New Jersey.

## III.  DEFAULT JUDGMENT STANDARD

Federal Rule of Civil Procedure 55 governs the entry of default judgment.  The

Rule provides:

> **(a) Entering a Default.** When a party against whom a judgment for
> affirmative relief is sought has failed to plead or otherwise defend, and that
> failure is shown by affidavit or otherwise, the clerk must enter the party's
> default.
>
> **(b) Entering a Default Judgment.**
>
> **(1) By the Clerk.** If the plaintiff's claim is for a sum certain or a sum that can be
> made certain by computation, the clerk – on the plaintiff's request, with an
> affidavit showing the amount due – must enter judgment for that amount and
> costs against a defendant who has been defaulted for not appearing and who is
> neither a minor nor an incompetent person.
>
> **(2) By the Court.** In all other cases, the party must apply to the court for a
> default judgment. . . The court may conduct hearings or make referrals –
> preserving any federal statutory right to a jury trial – when, to enter or effectuate
> judgment, it needs to:
>> (A) conduct an accounting;
>> (B) determine the amount of damages;
>> (C) establish the truth of any allegation by evidence; or
>> (D) investigate any other matter.

Fed. R. Civ. P. 55.  Rule 55 contemplates a two-step process.  "Prior to obtaining a

default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be entry of

default as provided by Rule 55(a)."  Nationwide Mutual Ins. Co. v. Starlight Ballroom

Dance Club, Inc., 175 Fed.Appx. 519, 521 n. 1 (3d Cir. 2006).  After the defendant has

been defaulted, Rule 55(b)(2) authorizes district courts to enter a default judgment

against "a properly served defendant who fails to plead or otherwise defend an action."

See La. Counseling and Family Services, Inc. v. Makrygialos, LLC., 543 F. Supp. 2d 359,

364 (D.N.J. 2008) (citing Anchorage Assoc. v. Virgin Is. Bd. Of Tax Rev., 922 F.2d 168,

177 n.9 (3d Cir. 1990) ("When a defendant fails to appear . . . the district court or its clerk is authorized to enter a default judgment based solely on the fact that the default has occurred.").

Even when the defendant is properly in default, a plaintiff is not entitled to the entry of default judgment as of right, and the entry of such a judgment is left primarily to the discretion of the district court. Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984). Default judgments are strongly disfavored in the interest of having a case decided on its merits. United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194-95 (3d Cir. 1984). Therefore, prior to entering default judgment, the Court must establish that the defendant is properly in default, the plaintiff has asserted a legitimate cause of action, and the extreme sanction of judgment by default is appropriate under the circumstances.

## IV. ANALYSIS

### A. The Defendant is Properly in Default

First, the Court must determine that the defendant is properly in default. When the defendant has failed to appear or file any responsive pleading, as here, the Court must find that the defendant was properly served. See Gold Kist, Inc. v. Laurinburg Oil Co., 756 F.2d 14, 19 (3d Cir. 1985) (noting that "a default judgment entered when there has been no proper service of the complaint is, *a fortiori*, void").

Here, Defendant was properly served with a copy of the Summons and Amended Complaint on June 25, 2010. Defendant failed to appear or otherwise respond to the Amended Complaint and the Clerk of the Court entered Defendant's default on October 28, 2010. Therefore, the procedural prerequisite of Rule 55(a) has been satisfied.

### B.  Legitimacy of the Cause of Action and Damages

Next, the Court must determine that the plaintiff's allegations demonstrate a legitimate cause of action and a right to the requested relief.  Defendants are deemed to have admitted the factual allegations of the complaint by virtue of their default, except those factual allegations related to the amount of damages.  See 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2688, at 58-59 (3d ed. 1998).  However, "a party in default does not admit mere conclusions of law." Id. § 2688, at 63.  "Although the Court should accept as true the well-pleaded factual allegations of the Complaint, the Court need not accept the moving party's legal conclusions or allegations relating to the amount of damages." Chanel, Inc. v. Gordashevsky, 558 F.Supp.2d 532, 536 (D.N.J. 2008) (citing Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir.1990)).

Under section 515 of ERISA an employer who is obligated to make contributions to a multi-employer benefit plan under a collective bargaining agreement must make payments pursuant to the terms and conditions under the agreement.  29 U.S.C. § 1145. In the event that an employer fails to make contributions in violation of the collective bargaining agreement, then the Court may award the plan (1) the unpaid contributions; (2) interest on the unpaid contributions; (3) an amount equal to the greater of the (a) interest on the unpaid contributions, or (b) liquidated damages; (4) reasonable attorney's fees and costs of the action; and (5) such other legal or equitable relief as the court deems appropriate. 29 U.S.C. § 1132(g); Peterson v. Boyarsky Corp., Civil No. 08-1789, 2009 WL 983123, at *2 (D.N.J. April 8, 2009).

The unchallenged factual allegations in the Complaint demonstrate that Plaintiffs

state a legitimate cause of action under ERISA.  Plaintiffs have submitted the Affidavit of

Thomas Gallagher, the Administrator of the Plaintiff Funds, which indicates that

Defendant owes Plaintiff $6,576.64 in unpaid contributions, $981.48 in interest on the

unpaid contributions up to November 30, 2010, $1,315.33 in liquidated damages, and

$1.17 per diem interest from December 1, 2010.  In addition, Plaintiffs have submitted

the Certification of Timothy R. Hott, Plaintiffs' attorney, which reflects that Mr. Hott

spent eight hours to date on legal services, at a rate of $175/hour for a total of $1400 and

that litigation costs have been incurred in the amount of $404.95.  Careful consideration

of the Plaintiffs' calculations demonstrates that these fees and costs are reasonable

under the "lodestar" method of evaluating attorney's fees adopted by the Third Circuit.

See Washington v. Phila. Cty. Court of Common Pleas, 89 F.3d 1031, 1035 (3d Cir.

1996).  Therefore, the Court having considered the moving papers, and there being no

opposition, in accordance with the direction of 29 U.S.C. § 1132(g), Plaintiffs are entitled

to the following relief:

      (a)    $6,576.64 in unpaid contributions
      (b)    $981.48 in interest on unpaid contributions
      (c)    $1,315.33 in liquidated damages
      (d)    $1804.95 in attorney's fees and costs

The Court also finds that Defendant shall pay Plaintiffs $1.17 per diem interest from

December 1, 2010 until judgment is satisfied.

### C.  Factors Favoring Judgment by Default

Lastly, the Court must determine that default judgment is an appropriate

sanction under the circumstances.  Before imposing the extreme sanction of judgment

by default, "district courts must make explicit factual findings as to: (1) whether the

7

party subject to default has a meritorious defense, (2) the prejudice suffered by the party

seeking default, and (3) the culpability of the party subject to default." Doug Brady, Inc.

v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing

Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987)).  In weighing these factors,

courts must remain mindful that default is a sanction of last resort and resolve all doubt

in favor of proceeding on the merits.  Id.  Because Defendant has not filed any

responsive pleading nor shown cause why a default judgment should not be granted, the

Court need not determine if there is a  meritorious defense or whether the default was a

result of willful misconduct. Carpenters Health & Welfare Fund v. Naglak Design, Civil

No. 94-2829, 1995 WL 20848, at *2 (E.D.Pa. Jan. 18, 1995); Teamsters Health and

Welfare Fund of Philadelphia and Vicinity v. Dimedio Lime Company, Civil No. 06-4519,

2007 WL 4276559, at *2 (D.N.J. Nov. 30, 2007).  The Court's sole consideration is

whether the Plaintiffs will be prejudiced if default is denied.

Defendant has failed to make the required contributions to the Plaintiff Funds

and has not responded to Plaintiffs' Complaint.  Therefore, Plaintiffs have suffered and

will continue to suffer if default judgment is not entered because delinquent

contributions can negatively impact the Plaintiff Trusts' ability to pay beneficiaries.

Acosta v. National Packaging, Inc., Civil No. 09-701, 2010 WL 30001191, at *3 (D.N.J.

July 28, 2010).  Therefore, judgment by default is an appropriate sanction in this case.

## V.  CONCLUSION

For the reasons stated above, the Court finds that Plaintiffs are entitled to relief pursuant to Federal Rule of Civil Procedure 55(b).

Accordingly,

IT IS THEREFORE ORDERED on this 2nd day of March, 2011, that Plaintiffs' Motion for Default Judgment [Dkt. Entry No. 19] is hereby <u>GRANTED</u>; and

IT IS FURTHER ORDERED that judgment is entered against the Defendants and in favor of the Plaintiff in the total amount of $10,678.40 as of November 30, 2010, which amount includes: $6,576.64 in assessed withdrawal liability; $981.48 in interest; $1,315.33 in liquidated damages; $1,400.00 in attorney's fees; and $404.95 in litigation costs; and

IT IS FURTHER ORDERED that Defendant Shall pay Plaintiffs interest at $1.17 per diem thereafter until judgment is satisfied.


  /s/ Joseph H. Rodriguez
Hon. Joseph H. Rodriguez,
United States District Judge